# U. S. DISTRICT COURT.

## *In re* B. Heller.

A register has the right to allow amendments to the schedules on the *ex parte* application of the bankrupt, at any time while the cause is pending before him, but it is the better practice, if there shall have been an appearance on the part of the creditors, to issue an order to show cause, &c., and to require due notice of such application to be given.

That it is the duty of the bankrupt to amend his schedules so as to make them conform to the facts, and that the filing of specifications does not deprive him of that right or release him from that duty.

That the register should allow all necessary and proper amendments whenever a proper cause therefor is shown.

*Southern District of New York, June,* 1871.

Fitch, *Register.*—Upon affidavits and upon all the pleadings and proceedings in this cause, the bankrupt moves to amend schedule A attached to his petition for adjudication in bankruptcy, by striking out certain debts which were inserted in a previous amendment through a mistake of the law, the debts having been contracted by the bankrupt since the filing of his petition.

Since the adoption of the Code of Procedure by the legislature of this state, amendments to any pleadings or proceedings are allowed virtually as a matter of course, and are within the discretion of the court, and being allowed whenever proper cause is shown. (*Sections* 172, 173 *and* 174, *of Code*).

The practice of the state courts under section one hundred and seventy-three of the Code, which section of the Code is as follows: " The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding, by adding or

striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved," has been settled by the following decisions : Amendment before trial, matter of course, *Troy & Boston R. R. Co.* agt. *Tibbetts,* (11 *How.,* 170;) *Dagurre* agt. *Orser,* 3 *Abb.,* 86). Reasonable excuse for defect sufficient, (*Huntington* agt. *Slade,* 22 *Barb.,* 164;) see further, *Merchant* agt. *N. Y. Life Ins. Co.,* (2 *Sand.,* 659 ;) ( 2 *Code, Rep.,* 66, 87;) *Chapman* agt. *Webb,* (1 *Code Rep. N. S.,* 388). Summons may be amended after judgment, *Sluyter* agt. *Smith,* (2 *Bosw.,* 673 ;) see also (13 *How.,* 287). Affidavits may be amended. (13 *How.,* 350.) A warrant of attachment may be amended, *Kissam* agt. *Marshall,* (10 *Abb.* 424). Where amendment is in furtherance of justice, but little restriction upon power of amendment, (*Van Ness* agt. *Bush,* (14 *Abb.,* 36 ;) *Beardsley* agt. *Stover.* (7 *How.,* 294 ;) (3 *Abb.,* 86.) Court will allow amendment of complaint necessary to conform it to the facts proved. (*Hunter* agt. *Hudson River Iron Co.,* 2 *Barb.,* 493). By section one hundred and seventy-four of the Code of Procedure, whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may, on motion, permit an amendment so as to make it conformable thereto.

The motion to amend is properly made. (*General order V.*; *In re Morford, B. R., Supl.,* 46 ; *In re Perry,* 1 *N. B. R.,* 2 ; *In re Little,* 1 *N. B. R.,* 74 ; *In re Watts,* 2 *N. B. R.,* 145.) The bankrupt is required by the bankrupt act of March 2, 1867, to make his petition and schedule conform to the provisions of the law. *(In re Orne, B. R., Sup.;* 48). And the court has authority to allow amendments to be made at any time prior to the discharge of the bankrupt.

General order V.

" He shall be at liberty from time to time, upon oath, to

amend and correct his schedules of creditors and property, so that the same shall conform to these facts." (*United States Bankrupt Act, Section* 26 ; *In re Jones,* 2 *N. B. R.,* 20 ; *In re Orne, B. R. Sup.,* 48). In the last cited case, BLATCHFORD, J. says : "An error, whenever discovered, must be corrected, no matter what proceedings have theretofore taken place." The register may order schedule to be amended at any stage of the proceedings." (*In re Perry,* 1 *N. B. R.,* 2). Additional amendments were allowed after the assignee had made and filed his report. I entertain no doubt of the right of the bankrupt to amend under section twenty-six, nor of the application being properly made to the register.

A bankrupt may amend schedules even after the hearing of specifications against the discharge, *(In re Preston,* 2 *N. B. R.,* 27). In this cause leave to amend was granted by the register under section twenty-six of the act, and general orders five, seven and thirty-three. Schedule A was amended by the addition of about twenty-five creditors, among these were included the names of eight persons, the indebtedness to whom was subsequent to filing of the petition. As the discharge, if granted, could not release the petitioner from debts contracted after the filing of his petition, those creditors whose names were improperly inserted could suffer no loss or damage by the mistake. They had not proved or attempted to prove their debts, and the proceedings have not been effected in any way by their names being inserted in the amended schedules. The bankrupt, on becoming aware of the error, seeks to correct it by striking out those names from his amended schedule, and asks leave to amend by filing an amended schedule omitting the names of those eight creditors whose names were by mistake placed in the amended schedule. The mistake of placing the names of creditors whose claims did not exist previous to the filing of the petition, on the amended schedule, not having prejudiced a right of any previously existing creditor, and being, in effect, the asking of a relief which the court has no power

to grant, is merely surplusage and the last proposed amendment, which is for the purpose of removing manifest imperfections, is an act of good faith, and the court should not merely permit the amendment, but require it to be made.

The bankrupt, on making his motion for leave to amend, states, " under oath, the substance of the matter proposed to be included in the amendments," &c., as required by general order No. thirty-three. It is not reasonable to suppose this rule was intended to restrict amendments to cases of omission. Section twenty-six of the act, and general order five and seven, are not susceptible of any such construction.

The register has power to allow amendments, and no creditor has a right to oppose such application. (*In re Watts*, 2 *N. B. R.*, 145).

*In re Ratcliffe* (1 *N. B. R.*, 98,) an amendment was allowed on condition that there should be a new warrant issued, &c., which was necessary under the circumstances of that case. So also *In re Perry*, (1 *N. B. R.*, 2,) additional proceedings were considered necessary. *In re Morford*, BLATCHFORD, J., I consider as settling the practice as applicable to this case, (*B. R. Sup.*, 46). The register, holding chambers of the district court, either upon his own motion or upon application of the bankrupt or a creditor, or any other person having a standing in court, can make an order allowing such amendments as may be proper. The proceeding is *ex parte*, and is entirely within the discretion of the register to grant or refuse it; if applied for by the petitioner, no notice thereof is required to be given to any one, neither has a creditor a right to oppose it. Should the register refuse to allow the amendments, the petitioner has a right to appeal to the special term. Whenever any bankrupt or creditor shall make a motion before the register, at chambers, to amend the schedules or to compel the petitioner to amend his schedules, I hold the better

practice to be, to issue an order requiring the party to show cause why the amendments as asked for should not be allowed, specifying particularly the points in which the schedules are defective. The bankrupt or creditors will then have a right to oppose the application, and appeal from the order at chambers to the special term if dissatisfied with the decision of the register. The authorities on these points are, *In re Hill,* (*B. R. Sup.,* 4;) *In re Orne,* (*B. R. Sup.,* 18 ; *In re Jones,* (2 *N. B. R.,* 20 ;) *In re Levy, B. R. Sup.,* 30 ;) *In re Patterson,* (*B. R. Sup.,* 22;) *In re Morford,* (*B. R. Sup.,* 46 ;) *In re Watts,* (2 *N. B. R.,* 145.)

The foregoing decisions are the same in spirit, as to the allowance of amendments as are the decisions of the courts of this state, the same liberal spirit prevailing in each ; allowing amendments as a matter of course in the discretion of the court, appeals being allowed in all proper cases.

In this state the courts have, for a long series of years, allowed the most liberal amendments in all pleadings and proceedings, allowing all necessary amendments in pleadings, before, on, and after the trial of causes; no one has opposed, and the bar of the state generally approve of the practice. The act of congress requiring the national courts to follow the practice of the state courts in certain particulars, in the districts in which the United States courts are being held, enables the two courts to assimilate their practice, and enables the United States courts to avoid much of the English common law practice descended to us from the Roman law. In bankruptcy proceedings, it is in furtherance of the ends of justice, and as contemplated by the bankrupt act, that the register, holding the chambers of the district court, and acting as a United States district judge, clothed with his powers in regard to the case before him, should make all necessary orders in the case. As the registers selected by Chief Justice Chase, and approved by the district courts, are, with few and unimportant exceptions, men of the highest order of legal talent, learned in the law, having a full

practice in the state courts, standing high in their respective communities—many of them having had legislative and congressional, as well as judicial, experience—to such men all the workings of the bankrupt law can safely be trusted; they are, as it were, a class of judicial pupils composing a school for judges, constantly increasing their fund of judicial knowledge, acquiring that practice and experience most fitting, and qualifying them for judges of our state courts, and promotions to district or circuit judges of United States courts.

The opposing creditors, by their counsel, submit the following objections to the granting of the bankrupt's motion:

*First,* " There is no justification in law for the exercise of such power or discretion by the register at this stage of the proceedings."

*Second.* " The functions of the register have been performed with the exception of filing the specifications." *( General Orders* 6, 7, 12, 24 *and* 29.)

*Third.* " The case was *de jure* remanded to the court after the filing of the specifications."

*Fourth.* " The register has no jurisdiction in the premises. He is limited to granting amendments for omissions in the schedules, and leave to amend in uncontested cases." *( General Orders, 5, 7 and* 33.)

*Fifth.* " It is for the court, and the court alone, to decide upon motion for leave to amend in contested cases; the filing of specifications is decisive of the question whether a case is contested or not. The motion should have been addressed to the court."

*Sixth.* " The register has already certified that said petition and schedule are correct in form, as it was his bounden duty to do so, according to rules 4 and 7."

*Seventh.* " It is claimed by the opposing creditors in the specifications, that the matter sought to be amended or withdrawn is evidence of both fraud and perjury under the law."

Upon a careful examination of the views presented by the counsel for the bankrupt, and also of the opposing creditors and the authorities cited, I do not find any which support either of the objections of the opposing creditor. The objection taken that the mere filing of the specifications deprives the bankrupt of his right to the amendments, is not, in my opinion, sustained by the bankrupt law, or by the rules or practice of this court, as the bankrupt act, by section 26 of the act, provides, "That the bankrupt shall be at liberty, from time to time, to amend and correct his schedules of creditors and property so that the same shall conform to the facts;" and for the purpose of such amendments the register is the court, and has the power to grant them, on motion, *ex parte*, and that any politeness or courtesy shown to counsel for creditors, out of personal respect by the register, who was willing that they should be heard in order that their views might be presented to the court, does not bring the cause within the rule of that portion of the bankrupt act defining contested cases, and that this application is *ex parte*, and not, in any respect, a contested case.

The mere filing of the specifications does not, *ipso facto*, adjourn the cause into court, or oust the register of his jurisdiction of the cause. The filing of the specifications is a mere incident to the opposition to the bankrupt's discharge, by a statement of the reasons why a bankrupt should not be discharged. He (the register) proceeds with the cause notwithstanding the specifications, until his duties are performed. *In re Puffer* (2 *N. B. R.*, 17), HALL, J., decides that if the creditor desires an examination of the bankrupt, with a view of using such examination in opposing the discharge, or for any other purpose, he can proceed under district court rule 26 (northern district of New York), such proceedings retain the cause before the register until the testimony shall have been taken; any creditor having a standing in court has a right to have such examination of

the bankrupt, or any other persons as witnesses. *(In re Adams*, 36 *How.*, 51.)

Creditors who have proven, or attempted to prove, their claims, although not as yet allowed by the register, are entitled to have an order for such an examination. *(B. R. Sup.* 43; 36 *How.*, 51; *Bump on Bankruptcy*, 64; *Bankrupt Act*, § 19; *General Order*, 3.)

1*st.* Upon all the proceedings in this cause, including the specifications, I decide as a matter of law, that this application of the bankrupt, in form of a motion to amend his schedules, is one that he has a right to make *ex parte*, and that neither the assignee nor opposing creditors have a right to be heard upon the motion or to oppose the same, but that it is better practice, in order to bring the question fully before the district court, to allow them to do so, and to require due notice of such application to be given.

2*d.* That the bankrupt has a right to amend his schedules by striking out the names of the eight persons who have become creditors of the bankrupt since the filing of the petition and schedules.

3*d.* That in this case it was the duty of the bankrupt to amend his schedules, so as to make them conform to the facts, and that he could make such application at any stage of the proceedings before the register had returned the cause to the court, and that the filing of the specifications did not prejudice him in, or deprive him of his right.

4*th.* That the register has the right to grant an order allowing such amendments whenever a proper cause therefor is shown. This being a proper cause, and the causes shown are in my opinion sufficient, the motion of the bankrupt is granted.

      BENJAMIN TODD, *for bankrupt.*
      HENRY MORRIS, *for opposing creditors.*

BLATCHFORD, J.—I concur in the views of the register stated in his conclusions.